IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND J. DEL BIANCO,<br><br>*Plaintiff,*<br><br>v.<br><br>**76 CARRIAGE COMPANY,** *et al.*<br><br>*Defendants.* | **Case No. 2:22-cv-01152-JDW** |

## **MEMORANDUM**

When the economy sputtered to a halt at the start of the Covid-19 pandemic, Congress adopted the Paycheck Protection Program to make loans to many businesses. It might have hoped that loan recipients would use the money to pay employees, and it provided incentives for recipients to do so. But it didn't mandate it. Instead, it left the choice to each loan recipient. Raymond Del Bianco ignores the choice that Congress gave to loan recipients and claims that his former employer, 76 Carriage Company, had to give him a portion of the PPP loans that it received. Because Mr. Del Bianco's interpretation of the statute is wrong, the Court will dismiss Counts IV, V, and VI of the Amended Complaint.

**I.      FACTUAL BACKGROUND**

76 Carriage hired Mr. Del Bianco in 2006 as the company's Director of Business Development for charter activities. 76 Carriage applied for and received PPP loans in April 2020 and February 2021; in total, the company received $1,689,285 in PPP loans. On July

30, 2021, Mr. Del Bianco learned that Michael Slocum, who owns and operates 76 Carriage, decided to terminate his employment.

On March 25, 2022, Mr. Del Bianco filed a six-count complaint against 76 Carriage and its owner Michael Slocum. Mr. Del Bianco amended the complaint on May 26, 2022. On June 9, 2022, 76 Carriage and Mr. Slocum moved to dismiss three of Mr. Del Bianco's causes of action: civil conversion (Count IV), breach of fiduciary duty (Count V), and unjust enrichment (Count VI). (*See* ECF No. 12).   That motion is ripe for review.

## II.  LEGAL STANDARD

Dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is proper if "the allegations in a complaint, however true, could not raise a claim of entitlement to relief[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). In evaluating a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). While factual allegations need not be detailed, they "must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555; *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted).  A court must disregard legal conclusions, conclusory statements, and rote recitals of the elements of a cause of action.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

2

### III. DISCUSSION

#### A. The Paycheck Protection Program

Congress passed the Coronavirus Aid Relief, and Economic Security ("CARES") Act to help businesses survive the Covid-19 pandemic. *See generally* CARES Act, Pub. L. No. 116-136, 134 Stat. 281. As part of the CARES Act, the PPP granted the Small Business Administration the ability to provide loans to small businesses to counteract the economic harms of the Covid-19 pandemic. *See id.* § 1102. Through the PPP, a business could apply for a loan through a lending institution by certifying that it (1) qualified as an "eligible recipient" and (2) that the then-current economic uncertainty made the loan necessary to continue its operations. 15 U.S.C. § 636(a)(36)(G)(i). Only certain entities and individuals qualified for the loans. *See id.* at § 636(a)(36)(A)(iv), 636(a)(36)(D). Employees of a business or organization are not eligible to receive a PPP loan.

The PPP delineates allowable purposes for a PPP loan recipient to use the funds, including payroll costs, employee salaries, rent, utilities, and interest for mortgages or other debts. *See id.* at § 636(a)(36)(F). The Federal Government does not require recipients to repay loans if the funds are used for an allowable purpose. *See* 15 U.S.C. § 636m(b). While loan forgiveness provides a financial incentive for recipients to use a PPP loan for payroll or mortgage payments, recipients are free to decide how to use the loan proceeds, with certain limited exceptions. The only consequence for using a PPP loan for a business purpose not described in Section 636(a)(36)(F) is that that portion of the loan does not

qualify for forgiveness—meaning that the recipient will be responsible for repaying the loan. *See* 15 U.S.C. § 636m.

The PPP anticipates and accounts for recipients utilizing loans in different ways than they state in their application. After receiving a PPP loan, recipients submit documentation proving how the money was spent. *See id.* at § 636m(e). The lending institution then determines how much of the initial loan will qualify for loan forgiveness. *See id.* at 636m(e), (g). This process highlights that recipients do not have to use the entirety of a PPP loan for a specific purpose, or even an approved purpose.

### B. Conversion

"Conversion is the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification." *Bernhardt v. Needleman*, 705 A.2d 875, 878 (Pa. Super. Ct. 1997) (quotation omitted). To establish a conversion claim, the plaintiff must have actual or constructive possession of a chattel or an immediate right to possession of a chattel at the time of the alleged conversion. *See Chrysler Credit Corp. v. Smith*, 643 A.2d 1098, 1100 (Pa. Super. Ct. 1994) (citation omitted). 76 Carriage "applied for and secured" the PPP loans. (ECF No. 10 at ¶ 53). Because 76 Carriage received the money after taking actions to procure it, it had actual possession of the loan proceeds.

Mr. Del Bianco alleges that the PPP funds were "intended to benefit" him. (ECF No. 10 at ¶¶ 53–54). He's wrong. The statute gave 76 Carriage discretion in how to spend the

4

funds (albeit with a potential penalty of forfeiting loan forgiveness). While Congress might have hoped that the funds would benefit him, it didn't direct that benefit. So neither he nor any other 76 Carriage employee had a right to receive any of the PPP funds.

### C.     Fiduciary Duty

"A fiduciary relationship exists where there is a 'special relationship' between parties, which involves confidentiality, special trust, or fiduciary responsibilities." *Seifert v. Prudential Ins. Co. of America*, Civ. A. No. 13-7637, 2014 WL 2766546, at * 7 (E.D. Pa. June 18, 2014) (citation omitted). Generally, the mere existence of an employment relationship does not give rise to a fiduciary duty between employer and employee. *See id.* at 8. Mr. Del Bianco claims that 76 Carriage acted as his fiduciary by securing PPP funding. But because 76 Carriage did not have to pay the PPP funds to Mr. Del Bianco, or hold the funds in trust for him, it did not have a special relationship with him that would give rise to fiduciary duties.

### D.     Unjust Enrichment

The elements of unjust enrichment are: (1) plaintiff conferred a benefit upon the defendants; (2) defendants appreciated the benefit; and (3) defendants accepted and retained the benefit without paying him. *See EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 273 (3d Cir. 2010) (citing *AmeriPro Search, Inc. v. Fleming Steel Co.*, 787 A.2d 988, 991 (Pa. Super. 2001)). Mr. Del Bianco cannot establish this claim because he did not confer the PPP loans on 76 Carriage. The federal government did.

### E.      Request to Amend

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so require." But there are no possible facts that Mr. Del Bianco could allege that would change the Court's analysis of the PPP loan program. In addition, Mr. Del Bianco's failure to attach a draft amended complaint "is fatal to [his] request for leave to amend." *U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 243 (3d Cir. 2013) (quotation omitted). Therefore, the Court will not give Mr. Del Bianco leave to amend.

### IV.     CONCLUSION

76 Carriage had discretion to spend the proceeds of its PPP loans as it saw fit, as long as it faced the consequences. Mr. Del Bianco's claims about the PPP loan proceeds therefore cannot proceed, and the Court will dismiss them. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

August 3, 2022