IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND J. DEL BIANCO,<br><br>*Plaintiff,*<br><br>v.<br><br>**76 CARRIAGE COMPANY,** *et al.*<br><br>*Defendants.* | Case No. 2:22-cv-01152-JDW |

### **MEMORANDUM**

Jury service is a duty and a privilege of citizenship. We call on citizens to step out of their day-to-day lives and resolve disputes to which they have no connection. And their willingness to do so is the engine that drives our nation's justice system. But judges and lawyers must be mindful of the burden that jury duty poses. Considering that burden, they should only summon jurors when there's a real dispute to resolve.

Raymond Del Bianco wants this Court to summon 20 to 30 jurors from 9 counties, have those jurors sit through jury selection, and then take 8 of those jurors away from their personal and professional obligations for the duration of a trial. The problem is he doesn't have any evidence to support his remaining claims for hostile work environment and retaliation. Because I had concerns about those claims, I gave Mr. Del Bianco an opportunity to demonstrate that he has some evidence to justify a trial, including the burden that a jury trial would impose on ordinary citizens. He resists that opportunity and

submits evidence that falls woefully short. Because it is my job to secure the just, speedy, and inexpensive resolution of this matter, I will grant summary judgment on Mr. Del Bianco's remaining claims.

## I. BACKGROUND

Because the Parties have not presented additional facts with their supplemental briefing, I will incorporate the factual recitation from my prior memorandum on 76 Carriage Company d/b/a Philadelphia Trolley Works's ("PTW") motion for summary judgment. *See Del Bianco v. 76 Carriage Co.*, No. 22-cv-1152-JDW, 2023 WL 2390659, at *1-*2 (E.D. Pa. Mar. 7, 2023).

At his deposition, Mr. Del Bianco testified about the scope of his employment discrimination claims in this matter:

> Q: So is it fair to say that throughout your employment you were not discriminated against, or you don't believe you were discriminated against based on your age, but that the discrimination that is the subject matter of this lawsuit is based on your belief that the age discrimination allegation occurred solely in conjunction with your firing?
>
> A: Yes to the latter. But with respect to the former, I can't give complete -- I can't give concrete examples of experiencing age discrimination during my tenure there. But who knows? I don't know. Discrimination is a very subtle, very -- very tricky thing.

(ECF No. 28-3 at 241:22 – 242:11.)

Given this testimony, I suspected that Mr. Del Bianco did not have evidence to support his claims of a hostile work environment and retaliation. However, those claims

2

were not part of the arguments that PTW made in its motion, so Mr. Del Bianco had no reason to present a complete evidentiary record to demonstrate their viability. Given my doubts about the claims, I alerted Mr. Del Bianco that I was considering granting summary judgment on them, pursuant to Federal Rule of Civil Procedure 56(f), and I provided him with an opportunity to present evidence to demonstrate those claims require a trial. Mr. Del Bianco did not come forward with any additional evidence to support these two claims. Because there are no disputed facts that require a trial, I will enter summary judgment on Mr. Del Bianco's remaining claims.

## II.     LEGAL STANDARD

"[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that [he] had to come forward with all of [his] evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Requiring a plaintiff to come forward with evidence to avoid the entry of summary judgment is no different than what is required under Federal Rule of Civil Procedure 56(a). The Federal Rules of Civil Procedure have codified this practice and permit a court to grant summary judgment *sua sponte* "[a]fter giving notice and a reasonable time to respond[.]" Fed. R. Civ. P. 56(f). A court may "grant the motion on grounds not raised by a party; or consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(2)-(3).

3

In responding to my Order, Mr. Del Bianco argues that he shouldn't have to present evidence demonstrating his right to a trial on his hostile work environment and retaliation claims because PTW didn't move for summary judgment on those claims. But his response fails to mention, let alone grapple with, Rule 56(f). Because that Rule empowers me to consider summary judgment on issues that PTW did not raise, after giving Mr. Del Bianco a chance to be heard, his procedural gripes do not prevent me from reaching the merits of his remaining claims.

### III.  DISCUSSION

#### A.  Hostile Work Environment

As an initial matter, it does not appear that the Third Circuit has ever confirmed whether a hostile work environment claim is viable under the ADEA. *See Howell v. Millersville Univ. of Pennsylvania*, 749 F. App'x 130, 135 (3d Cir. 2018) (assuming without deciding that the ADEA permits hostile work environment claims). Assuming it is, the framework for Title VII hostile work environment claims would presumably apply. Under that framework, Mr. Del Bianco would need to establish the following elements in order to prevail at trial: (1) he suffered intentional discrimination because of his age; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected him; (4) the discrimination would detrimentally affect a reasonable person in like circumstances; and (5) the existence of *respondeat superior* liability. *See Mandel v. M &*

*Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013). Mr. Del Bianco cannot prevail on this claim because he has no evidence to satisfy the first four elements.

Other than his termination (which I have already held was not age-related), Mr. Del Bianco admitted that he did not suffer from intentional discrimination because of his age. He explained during his deposition that he couldn't "give concrete examples of experiencing age discrimination during [his] tenure" at PTW. (ECF No. 28-3 at 242:7-9.) Nevertheless, he contends that a hostile work environment existed because PTW's President and CEO, Michael Slocum, told Mr. Del Bianco "of his desire to have younger people at the company." (ECF No. 29-9 at ¶ 1.) Although Mr. Del Bianco asserts that Mr. Slocum made that statement, he does not make that assertion under penalty of perjury. "[W]hile an unsworn statement may be considered on summary judgment, an unsworn statement that has not been made under penalty of perjury cannot." *United States ex rel. Doe v. Heart Sol., PC*, 923 F.3d 308, 315 (3d Cir. 2019). Even if I could consider Mr. Del Bianco's affidavit, he does not explain how this lone statement constitutes intentional age discrimination against *him*. Indeed, no reasonable juror would find that it does.

Even if Mr. Slocum's stray remark about wanting younger employees were discriminatory, there is no evidence that the alleged discrimination was severe or pervasive. While Mr. Del Bianco contends that discrimination can be "subtle," a hostile work environment is anything but. Indeed, a true hostile work environment "is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or

5

pervasive to alter the conditions of the victim's employment and create an abusive working environment[.]'" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quotations omitted). Mr. Slocum's statement about wanting younger employees is not "severe." And, to the extent Mr. Del Bianco intends to demonstrate pervasiveness by relying on affidavits from former PTW employees, I cannot consider them either. *See Heart Sol., PC*, 923 F.3d at 315. Regardless, those affidavits do not demonstrate pervasiveness because none of the affiants contends that Mr. Slocum made these comments in Mr. Del Bianco's presence or otherwise directed the comments at him.

Finally, Mr. Del Bianco has not presented *any* evidence that Mr. Slocum's stray remark about wanting to hire younger employees detrimentally affected him or would detrimentally affect a reasonable person in a similar situation. Indeed, he could not provide any examples of any discrimination he experienced while working at PTW (aside from his termination). "[I]f the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no … violation." *Harris*, 510 U.S. at 21. Mr. Del Bianco didn't perceive any alteration of his work conditions, so he can't prevail on a hostile work environment claim.

### B. Retaliation

To prevail on his claim of retaliation, Mr. Del Bianco must be able to make out a *prima facie* case by demonstrating that (1) he engaged in a protected employee activity;

(2) he was subject to adverse action by the employer either after or contemporaneous with the protected activity; and (3) there is a causal connection between the protected activity and the adverse action. *See Fasold v. Just.*, 409 F.3d 178, 188 (3d Cir. 2005). Mr. Del Bianco could never prevail on his retaliation claim because he has no evidence that he engaged in protected activity.

In his supplemental brief, Mr. Del Bianco glosses over this key element of a retaliation claim and simply states that he "was a member of the protected age class." (ECF No. 35 at 6.) That might be true, but being in a protected class is not the same as engaging in protected activity. *See, e.g., Jones v. Lacey*, 108 F. Supp.3d 573, 589 (E.D. Mich. 2015). Instead, "protected 'opposition' activity includes not only an employee's filing of formal charges of discrimination against an employer but also 'informal protests of discriminatory employment practices, including making complaints to management.'" *Daniels v. Sch. Dist. of Philadelphia*, 776 F.3d 181, 193 (3d Cir. 2015) (quotation omitted). There is no evidence in the record that Mr. Del Bianco engaged in this type of protected activity, and he does not argue otherwise. As a result, he could never prevail on a claim of retaliation.

## IV. CONCLUSION

There is no evidence to support Mr. Del Bianco's hostile work environment and retaliation claims. I won't put people through the burden of jury duty for nonviable claims, and Mr. Del Bianco shouldn't burden the courts with such claims either. Because Mr. Del

7

Bianco had the chance to show that these claims are viable and was unable to do so, I will grant summary judgment on them. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

April 4, 2023